# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **KING GEORGE MURRAY, III** | **CIVIL ACTION NO. 3:10-cv-1011** |
| **VS.** | **SECTION P** |
| **DON BARTLEY, ET AL.** | **JUDGE ROBERT G. JAMES** |
| | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff King George Murray, III, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 9, 2010. Plaintiff sued Major Don Bartley of the Monroe, Louisiana Police Department, the City of Monroe, the State of Louisiana, Fourth Judicial District Attorney Jerry Jones and Assistant District Attorney Stephen Sylvester alleging that he was falsely arrested, prosecuted and convicted of oral sexual battery in 1994 and falsely imprisoned thereafter. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

### *Background*

Plaintiff was arrested on February 4, 1994, by the Monroe Police Department and charged with oral sexual battery. On November 29, 1994, he was convicted of the offense and his conviction and sentence were affirmed on direct appeal to the Second Circuit Court of Appeals on December 6, 1995. *State of Louisiana v. King G. Murray, III*, 665 So.2d 183 (La. App. 2 Cir. 12/6/1995) (Table). He was released from prison sometime in 2001.[1]

---

[1] Plaintiff supplied the date of his arrest in his amended complaint [Doc. #4, ¶IV]; the dates of conviction and release were provided in the Order and Reasons for Judgment dismissing plaintiff's civil actions in the United States District Court for the Eastern District of Louisiana.

In 2009 plaintiff filed three civil actions in the United States District Court for the Eastern District of Louisiana. In each of these actions plaintiff alleged that the defendants violated his civil rights and committed various torts in connection with this same arrest and prosecution for oral sexual battery. See *Murray v. State of Louisiana, et al.*, No. 2:09-cv-3245; *Murray v. Jerry Jones, et al.*, No. 2:09-cv-3246; and *Murray v. Don Bartley, et al*, No. 2:09-cv-3247. On January 21, 2010, United States District Judge Mary Ann Vial Lemmon granted the various defense motions to dismiss on the basis of improper venue.

In the instant complaint, plaintiff contends that the crime "...never took place..."; that he is "... 100% not guilty..."; that his arrest, prosecution, and conviction were based upon his poverty and race; and that he was "set up" by the alleged victim and Major Bartley.

Plaintiff's prayer for relief is difficult to decipher, but he apparently money damages for mental anguish and other constitutional violations associated with his conviction and, he asks that the conviction be expunged and his record cleared.

*Law and Analysis*

*1. Screening*

Plaintiff is not a prisoner; however, he has been allowed to proceed *in forma pauperis*. Federal Courts are required to screen complaints filed *in forma pauperis* and are authorized to dismiss such complaints without service of process or at any time when the Court determines that the complaint is frivolous, fails to state a claim for which relief may be granted, or seeks money damages from a defendant who is immune from suit.

Title 28 U.S.C. §1915(e)(2)(B), which authorizes plaintiff to proceed *in forma pauperis* provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that ... (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The initial review authorized by 28 U.S.C. §1915(e)(2)(B) applies equally to prisoner and non-prisoner *in forma pauperis* cases. *James v. Richardson*, 344 F. App'x 982, (5th Cir.2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous *IFP* actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir.2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under §1915(e)(2)(B)(I) and (ii))).

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.

**2. Heck v. Humphrey Considerations**

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court determined, "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254." A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on §1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement ...")

Plaintiff does not contend, nor does the record suggest, that his oral sexual battery conviction has been reversed, expunged, or declared invalid. Plaintiff contends that he is innocent of the charges he stands convicted of. If the court were to grant him damages under the facts of this case, such ruling would necessarily implicate the validity of the state court's finding of guilt.

Accordingly, under *Heck*, plaintiff must demonstrate that his oral sexual battery conviction has been reversed, invalidated, or expunged prior to bringing the instant action. See *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). Plaintiff has failed to make such a showing. Consequently, his claim for monetary damages and his request for an expungement are "legally frivolous" within the meaning of 28 U.S.C. §1915. *Hamilton*, 74 F.3d at 102-103.

Therefore

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Plaintiff may assert a claim if and when he can meet the *Heck v. Humphrey* conditions. Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have

fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, August 23, 2010.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE